UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 08-459-JBC

GMAC MORTGAGE, LLC,                                                                PLAINTIFF,

V.                       MEMORANDUM OPINION AND ORDER

HEATHER BOONE MCKEEVER, ET AL.,                                       DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the motion for summary judgment (R. 17) by the plaintiff, GMAC Mortgage, LLC, and the motion for judgment on the pleadings or alternatively for summary judgment by the defendants (R. 22), Heather McKeever Haffey and Shane Haffey ("the Haffeys"). Because of the lack of clarity as to GMAC's status, GMAC's motion will be denied and the court will permit supplemental briefing as to the Haffeys' motion.

I. Background

On or about May 14, 2007, the Haffeys entered into a home mortgage transaction with Bank of the Bluegrass. R. 1 at 2. Mrs. Haffey borrowed $1,000,000 and the Haffeys signed a mortgage, creating a security interest in the real property located at 3250 Delong Road, Lexington, Kentucky. *Id.* The loan note provided as follows:

The Note or a partial interest in the note (together with this Security

1

> Instrument) can be sold one or more times without prior notice to the Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Services unrelated to a sale of the Note.

R. 23, Exh. 2 at 13. Pursuant to this provision, the note was transferred from Bank of the Bluegrass to GMAC Bank. *Id*. at 25. GMAC then transferred the Note to GMAC Mortgage, LLC, who transferred it to Residential Funding Company, LLC. *Id.* at 5-6. Residential Funding Company, LLC, securitized the loan and transferred it to Deutsche Bank as trustee for the 2007 QS-10 Trust, the current holder of the note. *Id*. Similarly, the Bank of the Bluegrass assigned the defendants' mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS"). *Id.* GMAC services the loan as an agent of the note holder, the 2007 QS-10 Trust. *Id*

## II. The Haffey's Motion for Judgment on the Pleadings or Summary Judgment

The Haffeys seek a dismissal of the case because they allege that GMAC has not met prudential and constitutional standing requirements. An action must be prosecuted "in the name of the real party in interest." Fed. R. Civ. P. 17. Certain entities may sue in their own names without joining the person for whose benefit the action is brought, including "a party with whom or in whose name a contract has been made for another's benefit." *Id.* The rule helps ensure that an action is brought "in the name of the party who possesses the substantive right being asserted under the applicable law, whether that be state or federal. " 6 A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice and Procedure*

2

§ 1541 (2d ed. 2009).  GMAC alleges that it is entitled to bring the instant action based on its status as the servicer of the loan, yet fails to articulate what provisions of its servicing agreement make it the real party in interest pursuant to Rule 17; indeed, GMAC has not even filed the servicing agreement.  Moreover, where a loan has been securitized, the real party in interest is often the trustee of the securitization trust, not the servicing agent.  *See, e.g., In re Maury Rosenberg*, 414 B.R. 826, 841 (S.D. Fla. 2009); *In re Kang Jin Hwang*, 396 B.R. 757, 766-67 (Bankr. C.D. Cal. 2008).

Although GMAC has not shown that it is the real party in interest, summary judgment is not appropriate at this time.  An action should not be dismissed for failing to prosecute by the real party in interest "until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action."  Fed. R. Civ. P. 17(a)(3).  In addition, "[a]fter ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest."  *Id.*  Accordingly, GMAC has 14 days from the date of entry of this order to file a supplemental response addressing this issue, and the Haffeys will have 14 days thereafter to file a supplemental reply.

### III.     GMAC's Motion for Summary Judgment

GMAC alleges that the purported rescission of the mortgage loan was invalid because of an existing settlement agreement.  *Id.* at 3-4.  GMAC alleges that in July 2008, Ms. Haffey contacted Bank of the Bluegrass, claiming that it had

committed fraud during the negotiation of the May 2007 loan. *Id.* at 3. GMAC further alleges that Bank of the Bluegrass paid Ms. Haffey $2,500 in exchange for a full release of her claims. R. 17 at 3-5. Specifically, the release provision stated as follows:

> All parties to this settlement (Bank fo the Bluegrass & Trust Company and Heather McKeever Haffey), their officers, agents, and successors in interest, specifically release and forever discharge each other from any and all claims, actions, liability, causes of action of any kind, in law and in equity, arising out of the above referenced loan.

R. 17, Exh. A-1.

The Haffeys object to consideration of the agreement because they did not receive notice prior to its disclosure to GMAC by Bank of the Bluegrass. R. 21 at 5-8. Rule 45(b)(1) provides that where a subpoena commands the production of certain documents and information, notice must be served on each party. Fed. R. Civ. P. 45(b)(1). GMAC attributed its failure to provide this notice to a "clerical oversight," and served notice to the defendants upon learning of this error. R. 25, Exh. A. The notice requirement of Rule 45 aims to provide opposing parties an opportunity to object before service and to move to quash if necessary. *See Zinter Handling, Inc., v. General Elec. Co.*, No. 04-cv-500, 2006 WL 3359317 at *2 (N.D.N.Y. Nov. 16, 2006). Untimely notice under Rule 45(b)(1), however, does not automatically entitle the Haffeys to strike the documents. Rather, where a party has failed to comply with the notice requirements of Rule 45(b)(1), courts have declined to quash subpoenas or to exclude materials where the aggrieved party was

4

not prejudiced by the delay. *Id.; see also Mazloum v. Dist. of Columbia Metro. Police Dept.*, 530 F. Supp. 2d 282, 285-88 (D.D.C. 2008). This same logic applies to the instant case. Here, the Haffeys have not alleged that there was a lengthy period of delay in providing notice, that there has been a pattern of noncompliance with the rules governing the production of documents, or that the subpoena is otherwise objectionable. Moreover, as signatories to the document, the Haffeys were aware of its existence and contents, which further mitigates any prejudice. Thus, because the Haffeys have not been prejudiced by the delay, their request to strike these documents from the record is denied.

Turning to the substance of the agreement, GMAC contends that the agreement precluded the Haffeys from suing for violations of the Truth in Lending Act. R. 25 at 5. However, it is not clear how the settlement agreement relates to GMAC. GMAC argues that it is a "successor in interest" to the agreement. Neither GMAC nor the settlement agreement defines the term "successor in interest." A successor in interest is "one who follow another in ownership or control of property. A successor in interest retains the same rights as the original owner, with no change in substance." *Black's Law Dictionary* (8th ed. 1990). In the absence of more information regarding the nature of its rights and obligations as the loan servicer, it is not clear that GMAC is a successor in interest to the settlement agreement.

**III. Conclusion**

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for summary judgment, R. 17, is **DENIED.**

**IT IS FURTHER ORDERED** that the plaintiff, GMAC, shall file a supplemental response to the Haffeys' motion for judgment on the pleadings or, alternatively, for summary judgment (R. 22), in order to address the Rule 17 issue no later than April 5, 2010, and the Haffeys may file a supplemental reply as to that issue no later than April 19, 2010.

Signed on  March 21, 2010

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY