**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

**CIVIL ACTION NO. 08-459-JBC**

**GMAC MORTGAGE, LLC,**                                                   **PLAINTIFF,**

**V.**                **MEMORANDUM OPINION AND ORDER**

**HEATHER BOONE MCKEEVER, ET AL.,**                       **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the motion of the Bank of the Bluegrass and several of its employees to dismiss with prejudice the complaint in an action styled *Haffey, et al. v. Allen, et.al.* ( Lexington Civil Action 09-255, R. 7), which is part of this consolidated action. For the reasons below, the court will deny the motion.

**I. Background**

This case is one of four[1] pending consolidated actions involving property located at 3250 Delong Road in Lexington, Kentucky. The plaintiffs, Shane Haffey and Heather McKeever, a married couple, brought suit in Fayette County Circuit Court on July 6, 2009, and the defendants removed the case to federal court on July 27, 2009. The plaintiffs allege numerous violations of federal and state law in connection with a loan transaction they entered into with Bank of the Bluegrass in

---

[1]*See* Lexington Civil Actions No. 08-459, 08-510, and 09-362. Another case, 08-456, was dismissed on March 16, 2010.

1

May 2007.  Specifically, the plaintiffs allege that they re-financed an existing line of credit in May 2007, and that during the course of that transaction and the subsequent assignment of their promissory note and mortgage, the defendants committed fraud, breach of contract and breach of fiduciary duty, and conspiracy; and that they violated Kentucky and federal consumer protection laws and banking laws, the Truth in Lending Act ("TILA"), the Home Ownership and Equity Protection Act ("HOEPA"), the Real Estate Settlement Procedures Act ("RESPA"), the Fair Debt Collection Practices Act ("FDCPA"), the Fair Credit Reporting Act (FCRA), and the Racketeer Influenced Corrupt Organizations Act ("RICO").

The defendants moved to dismiss the action in August of 2009.  The court denied that motion without prejudice as part of the consolidation process, but reinstated the motion in February 2010.  In response to the motion to dismiss, the plaintiffs moved to voluntarily dismiss this action without prejudice.  R. 15.

II.     **Analysis**

The defendants' opposition to voluntary dismissal is not premised on the applicable federal rule.  The issue is not whether dismissal is appropriate pursuant to Fed. R. Civ. P. 41(a)(2), which allows for dismissal by court order at the plaintiff's request "on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).  Rather, because the defendants have not filed an answer or a motion for summary judgment, at issue is whether the plaintiffs have moved for a voluntary dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).

2

Although the plaintiffs' filing contains no reference to any provision of Rule 41 or any citations to case law, it is styled in part as a voluntary dismissal without prejudice. Lexington Civil Action 09-255, R. 15 at 1. Pursuant to Rule 41(a)(1)(A)(i), a plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. "Rule 41(a)(1) is clear and unambiguous on its face and admits of no exceptions that call for the exercise of judicial discretion by any court." *D.C. Electron., Inc. v. Nartron Corp.*, 511 2d. 294, 298 (6th Cir. 1975); *see also Aamot v. Kassel*, 1 F.3d 441, 443 (explaining that before a defendant files an answer or a motion for summary judgment, the court has no discretion to deny a dismissal pursuant to Fed. R. Civ. P. 41(a)(1), and that "once plaintiff gives his notice, the lawsuit is no more"). Thus, the defendants' arguments regarding legal prejudice are inapposite. Moreover, any legal prejudice could have been prevented by filing an answer or a motion for summary judgment, which would have precluded the plaintiffs from seeking a voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). *See D.C. Electron.,* 511 2d. at 298; *Aamot,* 1F.3d at 444.

### III. Conclusion

Accordingly,

**IT IS ORDERED** that the motion to dismiss with prejudice by Bank of the Bluegrass, R. 7, is **DENIED.**

**IT IS FURTHER ORDERED** that all of the plaintiffs' claims are **DISMISSED**

**WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that this matter is **STRICKEN** from the active docket.

**IT IS FURTHER ORDERED** that the Clerk is directed to file a copy of this order in Lexington Civil Action 09-255.

Signed on  May 22, 2010

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY