# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# LEXINGTON

**CIVIL ACTION NO. 08-459-JBC**
(Related action: Lexington Civil Action 09-362)

GMAC MORTGAGE, LLC,                                         PLAINTIFF,

V.                MEMORANDUM OPINION AND ORDER

HEATHER BOONE MCKEEVER, ET AL.,                    DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the motion of several parties in an action styled *Deutsche Bank Trust Company Americas v. Haffey, et. al.*, Lexington Civil Action 09-362, which is part of this consolidated action. Specifically, Deutsche Bank Trust Company, as trustee for the 2007 QS-10 Trust, and third-party defendants GMAC, RALI, and RFC moved to dismiss the counter-claim and third-party complaint (R. 33). For the reasons below, the court will grant the motion.

## I. Background

This case is one of three pending consolidated actions involving property located at 3250 Delong Road in Lexington, Kentucky.[1] Deutsche Bank brought this foreclosure action against Heather McKeever and Shane Haffey, a married couple, on November 9, 2009. Lexington Civil Action 09-362, R. 1. McKeever filed a counter-claim and third-party complaint on February 9, 2010, naming Deutsche

---

[1] *See* Lexington Civil Actions No. 08-459, 08-510, and 09-362. Two other consolidated actions, 08-456 and 09-255, have been dismissed.

1

Bank; GMAC Mortgage, LLC; Residential Accredit Loans, Inc.("RALI"); Residential Funding Company, LLC ("RFC"); the Bank of the Bluegrass and several of its employees individually ("BoB"); and Mortgage Electronic Registration Systems, Inc., and MERSCORP (collectively referred to as "MERS."). *Id.* at R. 17.

The instant third-party defendants, Deutsche, GMAC, RALI, and RFC, moved to dismiss the counter-claim/third-party complaint on March 1, 2010. R. 33. To date, McKeever and Haffey have not responded to this motion. On May 11, 2010, well beyond the deadline for responding, McKeever moved (R. 55) for an extension of time to respond to the motion to dismiss filed by the instant third-party defendants and to respond to the motion to dismiss filed by BoB on May 4, 2010 (R.53). This court denied that request (R. 68) with respect to the motion to dismiss by the instant third-party defendants (R. 33).

## II. Analysis

### A. *Res judicata*

McKeever's counter-claims against GMAC and Deutsche Bank are barred by *res judicata*. Under federal law, a claim is barred by *res judicata* if the following requirements have been met: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action. *Hudson v. The Springs Inn*, No. 05-cv-384, 2006 U.S. Dist. LEXIS 1008, at *5

(E.D. Ky. Jan. 12, 2006).

First, a prior order in one of the consolidated cases constitutes a final decision on the merits by a court of competent jurisdiction. In September 2009, the Honorable Karl Forester concluded that the plaintiffs' factual allegations regarding GMAC "[did] not even rise to the level of being 'consistent with a defendant's liability[,]'" and dismissed their claims pursuant to Fed. R. Civ. P. 12(b)(6). *See* Lexington Civil Action 08-510, R. 17 at 7 (citations omitted). "In the federal courts, a dismissal pursuant to Rule 12(b)(6) is considered a final decision on the merits with full *res judicata* effect." *Dyer v. Intera Corp.*, 870 F.2d 1063, 1066 (6th Cir. 1989). Thus, the first requirement was met by Judge Forester's order.

Second, this issue involves some of the same parties and their privies as Lexington Civil Action 08-510. Haffey, McKeever, and GMAC LLC were parties in the prior action, and here Haffey and McKeever have simply added Deutsche Bank, RALI, and RFC[2] to the instant action.

Third, the issues raised have already been litigated or should have been

---

[2] GMAC asserts that GMAC, Deutsche Bank, RALI and RFC are "related to GMAC in the servicing and securitizing of []the loan" and are "related entities to GMAC," and are therefore in privity with one another. GMAC does not detail the nature of these relationships, however. Based on the information available, it is not apparent that RALI and RFC were in privity with GMAC or Deutsche. In contrast, the pleadings indicate that GMAC and Deutsche are in privity with one another because GMAC services the loan note held by Deutsche. R. 33 at 3 n.2. There is no indication that McKeever disputes this relationship, and indeed, she characterizes the third-party defendants as one collective entity.

3

litigated in the related action. Most of the allegations contained in the counter-claim against GMAC appear to have been recycled from the claims against GMAC that Judge Forester dismissed in Lexington Civil Action 08-510. R. 1, Attach. 3. Because the current claims against Deutsche are related to the same series of events described in the complaint in Lexington Civil Action 08-510, the plaintiffs could have added Deutsche as a party to that action, but failed to do so. Accordingly, the plaintiffs' claims against GMAC and Deutsche are subject to dismissal under the *res judicata* doctrine. *See Jeter v. Morgan*, No. 05-cv-357, 2006 U.S. Dist. LEXIS 663, at *6 (E.D. Ky. Jan. 10, 2006) (dismissing under *res judicata* doctrine where current claims related to the same events described in first complaint and the plaintiff could have named new party as a defendant in first complaint but failed to do so).

Fourth, there is an identity of the causes of action. Here, the plaintiffs seek to maintain an action based on the same transaction that was at issue in their now-dismissed claims. *See Westwood Chem. Co., Inc. v. Kulick,* 656 F.2d 1224, 1228 (6th Cir. 1981)(defining an identity of causes of action as an identity of the facts creating the right of action and of the evidence necessary to sustain it); *Hendereen v. Champion Int'l Corp.*, 525 F.2d 130, 135 (2d Cir. 1975).

**B.     Failure to state a claim upon which relief can be granted**

McKeever has also failed to state claims upon which relief can be granted. The crux of her factual allegations against Deustche, GMAC, RALI, and RFC are as

4

follows: these entities "perpetrated the fraud as it related to the date of the loan" (R. 17, ¶87); GMAC ignored a qualified written request for information (*id.* at ¶88); GMAC attempted to collect on the note even though the transaction had been "rescinded as a matter of law" (*id*. at ¶ 93); all the third-party defendants were involved in the "illegal" securitization process (*id.* At ¶ 80); Deustche is not the holder or owner of the note (*id.* at ¶ 108)[3]; and the third-party defendants conspired with BoB to "commit illegal acts pursuant to Federal and State law" (*id.* at ¶ 120). These allegations, which serve as the factual basis for the twenty claims, are insufficient to sustain her claims against the instant defendants for the reasons discussed below.

### 1. Count One: Breach of Contract and Rescission

McKeever alleges that the third-party defendants materially breached express and implied contracts pursuant to the loan agreement and mortgage by their acts and omissions. She provides no basis for her assertion that each of the third-party defendants is "jointly and severally liable" for any breach. In addition, the allegations in paragraphs 128 and 129 are directed at BoB, the entity that originated the loan, and not subsequent holders or servicers. McKeever therefore has failed to state a claim for breach of contract and rescission against the instant third-party defendants.

---

[3]The court takes judicial notice of Lexington Civil Action 08-456. In that case, the claims against MERS were dismissed because MERS assigned the loan note to Deutsche Bank. Accordingly, even if it had been valid at the time, this claim is now moot.

5

### 2. Counts Two, Three, and Four: Violations of TILA, HOEPA, and RESPA

The bulk of McKeever's TILA allegations stem from the origination of the loan, and she has not pled facts indicating that Deutsche, GMAC, RALI, or RFC were involved in that process. McKeever also alleges that GMAC failed to respond to a qualified written request, but as noted before, this allegation has already been rejected by this court. *See* Lexington Civil Action 08-510, R. 17 at 6. Moreover, McKeever fails to articulate a basis of liability for RALI, RFC, or Deutsche stemming from this alleged violation.

### 3. Counts Five and Six: Defamation of Title and Violations of the FDCPA and FCRA

First, in order to maintain a claim for defamation of title, a plaintiff must show that the defendant "knowingly and maliciously communicated, orally or in writing, a false statement which has the effect of disparaging plaintiff's property title and must have pled and proven that they had incurred special damages resulting therefrom." *Montgomery v. Milam*, 910 S.W.2d 237, 240 (Ky. 1995). Here, McKeever asserts that the assignment of the mortgage to MERS was "a blight on McKeever's title the day it was filed." Lexington Civil Action 09-362, R. 17 ¶139. McKeever's allegation is thus devoid of any facts that would support the basic elements of this claim, and her assertion that the assignment itself constituted defamation of title is merely a legal conclusion.

With respect to the FDCPA and the FCRA, the plaintiffs have not identified

any provisions of either statute that they believe was violated. Generally speaking, the FDCPA aims to eliminate abusive debt collection practices, and the FCRA regulates the collection and dissemination of consumer credit information. *See generally,* Fair Debt Collection Practices Act, Pub. L. No. 90-321, 82 Stat. 146 (1968); Fair Credit Reporting Act, 15 U.S.C. § 1681 *et. seq* (2010). Again, in lieu of facts, McKeever has simply stated several legal conclusions, namely that Deutsche made false representations; engaged in" illegal" collection activities; brought suit under "false pretenses": and conspired to "fraudulently conceal" the "true lender." R. 17 at ¶144. These legal conclusions are not entitled to a presumption of truth, and cannot sustain these causes of action. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

### 4. Count 7: Kentucky Consumer Protection Act

McKeever's claim under the Kentucky Consumer Protection Act fails as a matter of law because that statute does not apply to real estate transactions. *See* Ky. Rev. Stat. Ann. § 367.110 et. seq. (LexisNexis 2010); *Todd v. Ky. Heartland Mortgage, Inc.,* No. 2002-CA-002038, 2003 WL 21770805, at *3 (Ky. Ct. App. Aug. 1, 2003) (citing *Craig v. Keane*, 32 S.W.3d 90, 90-91 (Ky. Ct. App. 2000)).

### 5. Count 8: Breach of Fiduciary Duty

McKeever asserts that an agency relationship exists between BoB and GMAC, and that GMAC "stood in the shoes of" BoB and has since become "a two headed monster of sorts with [BoB], Allen, Herron, Frye, MERS, and GMAC-RFC,"

7

who are all jointly and severally liable. R. 17 at ¶152. As a preliminary matter, the relationship between a bank and a borrower does not impose a fiduciary duty on the bank. *In re Sallee*, 286 F.3d 878, 885 (6th Cir. 2002); *see also Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 485 (Ky. 1991) (noting that courts typically do not impose a fiduciary duty of disclosure on banks in debtor/creditor relationships). Moreover, the plaintiffs have not pled facts indicating that any fiduciary duty owed by BoB would have extended to any of the instant third-party defendants.

### 6. Counts 9, 10, 11, 14 and 17: Fraud Claims

All of the fraud claims fail to meet the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure. Rule 9(b) requires that "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). At a minimum, a plaintiff must allege the "time, place, and content of the alleged misrepresentation on which he or she relied," in addition to other requirements. *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008) (noting that a plaintiff's complaint must "state where and when the [fraudulent] statements were made"); *see also Brightman v. Freeway Assoc.,* No. 90-4072, 1991 U.S. App. LEXIS 19069, at *7 (6th Cir. Aug. 8, 1991) (explaining that plaintiffs in Rule 9(b) cases must relate particular misrepresentation to dates). McKeever has not pled facts linking Deutsche, GMAC, RALI, or RFC to any of her allegations of fraud contained in these counts. Instead of providing factual information, including the

time, place, and content of the alleged misconduct, McKeever's fraud claims largely consist of a litany of legal conclusions. *See Iqbal*, 129 S.Ct. at 1950 (2009) (holding that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" cannot sustain a claim).

### 7.     Count 12: RICO

McKeever uses conspiracy as the predicate act for the RICO claim, alleging that the third-party defendants and others conspired to "deceive the Homeowners"; "to break Kentucky and federal law"; and to achieve "unlawful aims by unlawful means." R. 17 at ¶167. Because McKeever relies on legal conclusions, not facts, in pleading conspiracy, her RICO claim fails. *See Iqbal*, 129 S.Ct. at 1950 (holding that an assertion of an unlawful agreement constituted a legal conclusion and was therefore not entitled to the assumption of truth).

### 8.     Counts 13: Kentucky Financial Services Code

McKeever seeks relief for violations of Ky. Rev. Stat. Ann. § 286.8-220 (LexisNexis 2010). Specifically, she contends that the "true lender[s]," GMAC and MERS, are operating illegally in Kentucky because they are not registered, chartered, or licensed to operate as a "Bank" and "Lender" under the Act. McKeever contends that the defendants committed negligence per se by violating this statute. McKeever has not pled facts in support of her theory that any of the instant third-party defendants constituted a lender in this transaction, however. Although McKeever repeatedly refers to the "True Lender," she has not alleged that

9

any entity other than BoB actually disbursed the loan. Because McKeever failed to adequately plead a violation of the underlying statute, she cannot sustain her claim on the basis of negligence per se.

### 9. Counts 15 and 16: Forgery in the second degree and criminal possession of a forged instrument in the second degree

McKeever alleges that Deutsche committed second degree forgery by recording the mortgage, which allegedly contained "legally fictitious signatures by an officer of [MERS]." McKeever fails to articulate any facts indicating that Deutsche recorded or possessed the allegedly forged mortgage "with an intent to defraud, deceive, or injure another." Ky. Rev. Stat. Ann. § 516.030 (LexisNexis 2010); Ky. Rev. Stat. Ann. § 516.060 (LexisNexis 2010). Accordingly, even accepting her allegations as true, she has not stated sufficient factual matter that would enable this court to reasonably infer that Deutsche is liable. *See Iqbal*, 129 S. Ct. at 1949.

### 10. Count 18: Kentucky Usury Statute

McKeever's claim under the Kentucky Usury Statute is barred by the applicable statute of limitations. Ky. Rev. Stat. Ann. § 360.020 (LexisNexis 2010) provides that any action must be commenced "within two years from the time the usurious transaction occurred." The instant suit was not commenced until July 2009, which was more than two years from the date of the May 2007 transaction.

### 11. Count 19: Lexington Civil Action 08-456

McKeever provides no support for her erroneous contention that the quiet

title action, Lexington Civil Action 08-456, precluded the filing of this action. Moreover, the dismissal of that action renders this argument moot.

### 12. Count 20: Validity of the instant lawsuit

Although this count contains several allegations against MERS, it does not contain any new factual allegations or legal claims with respect to the instant third-party defendants.

## III. Conclusion

Accordingly,

**IT IS ORDERED** that the motion to dismiss by Deutsche, GMAC, RALI and RFC, R. 33, is **GRANTED.**

**IT IS FURTHER ORDERED** that a copy of these motions, any responses or replies, and this order shall be filed in the individual case, Lexington Civil Action 09-362.

Signed on June 22, 2010

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY