# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
### CENTRAL DIVISION
### LEXINGTON

**CIVIL ACTION NO. 08-459-JBC**
**(Related action: Civil Action No. 08-456)**

**GMAC MORTGAGE, LLC,**                                                                              **PLAINTIFF,**

**V.**                                           **MEMORANDUM OPINION AND ORDER**

**HEATHER BOONE MCKEEVER, ET AL.,**                                                 **DEFENDANTS.**

* * * * * * * * * * *

This matter is before the court on the motion of one of the plaintiffs, Heather McKeever, for the court to reconsider its denial of her motion for reconsideration in an action styled *McKeever v. MERS*, Lexington Civil Action No. 08-456, which is part of this consolidated action.  R. 61.  For the reasons below, the court will deny the motion.

McKeever requests, for the second time, that this court reconsider its dismissal of this action.  First, she requests reconsideration so that she can join Deutsche Bank as a defendant.  McKeever did not move to join Deustche Bank as a defendant before this case was dismissed, and her failure to do so does not warrant reconsideration of the dismissal of her action under Fed. R. Civ. P. 59(e) or 60(b)(1),(b)(3), or (b)(6).

McKeever now also claims that relief is warranted due to intervening case law, citing a recent unpublished New York state court opinion, *U.S. Bank v.*

*Emmanuel*, 2010 N.Y. Misc. LEXIS 983 (N.Y. Misc. 2010). First, her motion is untimely under Fed. R. Civ. P. 59(e). A judgment was entered in Lexington Civil Action 08-456 on March 18, 2010, and McKeever filed her second motion for reconsideration on May 18, 2010. A Rule 59(e) motion may be granted where there is a clear error of law, newly discovered evidence, an intervening change of law, or to prevent manifest injustice, *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999), but must be filed no later than 28 days after the entry of the judgment. Moreover, *Emmanuel* does not address the issue that was before the court in this case, namely whether McKeever could proceed with a quiet-title action against an entity that no longer claimed any interest in the property.

Second, McKeever has not shown that reconsideration is warranted pursuant to Fed. R. Civ. P. 60 due to mistake, inadvertence, surprise, or excusable neglect; fraud; or exceptional circumstances otherwise justifying relief. *See Fed. R. Civ. P. 60(b)(1),(3),(6); United States v. Mortgage Lenders Network USA, Inc.*, No. 99-5630, 2000 U.S. App. LEXIS 25284, at *7 (6th Cir. 2000).

Accordingly, the motion for reconsideration, R. 61, is **DENIED**.

Signed on  July 12, 2010

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY