UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 08-459
(Individual action 09-362)

DEUTSCHE BANK TRUST COMPANY AMERICA, PLAINTIFF,

V.        MEMORANDUM OPINION AND ORDER

HEATHER MCKEEVER HAFFEY, ET AL., DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon the motion of one of the defendants, Heather McKeever, for a temporary injunction (R. 34), and upon the motion of the plaintiff, Deutsche Bank Trust Company, for oral argument regarding that motion (R. 36). For the reasons below, the motions will be **DENIED**.

I.     Background

This case is one of two remaining consolidated actions involving property located at 3250 Delong Road in Lexington, Kentucky.[1] Deutsche Bank brought this foreclosure action against Heather McKeever and Shane Haffey, a married couple, on November 12, 2009. Deutsche alleges that the defendants defaulted on their loan payments, entitling it to foreclose on the subject property. In response to the

---

[1] The other remaining action is the lead case, Lexington Civil Action 08-459. The other consolidated cases have been dismissed. *See* Lexington Civil Action 08-456, 08-510, and 09-255.

1

foreclosure action, McKeever, filed a verified answer/counter-claim/third-party complaint and has moved for a preliminary injunction to enjoin the underlying foreclosure action.

II.     Analysis

McKeever's motion "should be granted only if the movant carries . . . her burden of proving that the circumstances clearly demand it." *Hendricks v. Comerica Bank*, 122 Fed. Appx. 820, 824 (6th Cir. 2004). This court must consider: 1) whether the movant has a strong likelihood of success on the merits; (2) irreparable harm that could result from the denial; 3) the impact on the public interest; and 4) the possibility of substantial harm to others. *See Patio Enclosures, Inc. v. Herbst*, 39 Fed. Appx. 964, 967 (6th Cir. 2002); *Honeywell, Inc., v. Brewer-Garrett Co.*, No. 97-3673, 1998 U.S. App. LEXIS 6017, at *7 (6th Cir. Mar. 23, 1998). "The party seeking the injunction must establish its case by clear and convincing evidence." *Honeywell*, 1998 U.S. App. LEXIS 6017, at *7.

Although McKeever did not request a hearing (R. 34 at 2), Deutsche Bank has moved the court for oral argument (R. 36). The court finds that oral argument would not be helpful in resolving this matter, and will decide the motion based upon the pleadings alone.

A.     Preclusion

Deutsche Bank and GMAC argue that the instant motion is barred by law-of-the-case doctrine. McKeever sought a preliminary injunction to prevent a party in

2

another consolidated action, GMAC, from filing a foreclosure action. Lexington Civil Action 08-456, R. 33. This court denied that motion on October 23, 2009. *Id.* at 38. Under law-of-the-case doctrine, a decision on an issue made by a court at one stage of a case is to be given effect in successive stages of the same litigation absent extraordinary circumstances. *See Mayberry v. Gabry*, No. 95-2309, 1998 U.S. App. LEXIS 5399, at *3 (6th Cir. Mar. 16, 1998). Whereas the earlier motion sought to prevent the *filing* of a foreclosure action, the instant motion seeks to enjoin Deutsche Bank from proceeding with an already-filed foreclosure action. Thus, the instant case involves a different issue and a different party, and Deutsche and GMAC have therefore not met their burden of showing that the motion is barred by law-of-the-case doctrine.

    B.    **Preliminary injunction factors**

        1.    **Likelihood of success on the merits**

McKeever alleges that there is no basis for the underlying foreclosure action because she rescinded the mortgage in question. The loan was not rescinded, however, because the creditor did not acknowledge the rescission and the matter was never adjudicated by an appropriate decision-maker. *See Yamamoto v. Bank of New York*, 329 F.3d 1167, 1172 (9th Cir. 2003); *see also Knittel v. First Fin. Mortgage Corp.,* No. 08-44, 2009 U.S. Dist. LEXIS 55363, at *5-6 (E.D. Ky. June 16, 2009). Moreover, rescission aims to return parties to the status quo, which has not occurred here given that McKeever and Haffey have retained the loan

3

proceeds.  *See Decision One Mortgage Co., LLC v Fraley*, 2000 U.S. App. LEXIS 33881, at *6 (6th Cir. Dec. 19, 2000) (explaining that rescission aims to restore parties to the position they held prior to entering the transaction and that without requiring the tender of the loan proceeds, the defendants would "receive a windfall and be placed in a far better position than they held prior to entering the transaction"); *Rudisell v. Fifth Third Bank*, 622 F.2d 243, 254 (6th Cir. 1980) (explaining that since rescission is an equitable remedy, the court may require a debtor to tender first).  McKeever thus has not established that she is likely to succeed on the merits of this matter.

### 2. Irreparable harm

Even if McKeever could succeed on the merits, she has not shown that she has inadequate remedies at law.  Although the loss of one's property can constitute irreparable harm, "[a]n injunction against threatened legal action will not issue if the party will have an adequate opportunity to fully present his defenses and objections in the legal action he seeks to enjoin."  *Travis v. Pennyrile Rural Elec. Coop.*, 399 F.2d 726, 729 (6th Cir. 1968).  The instant lawsuit affords McKeever an opportunity to rebut Deutsche Bank's claim to her property.  *See Honeywell*, 1998 U.S. App. LEXIS 6017, at *8 (noting that an injunction should not issue if there is an adequate remedy at law).  Thus this factor strongly weighs against granting a preliminary injunction.

### 3. Harm to others and the public interest

The other two factors also weigh against granting the request for a preliminary injunction. McKeever provides no support for her assertion that Deutsche Bank will not suffer any harm from an injunction. In addition, McKeever has not shown by clear and convincing evidence that the public interest would be served through an injunction. Rather, the public interest is best served by enforcing contractual obligations and by ensuring that lenders and other corporate entities conduct transactions in accordance with the law. Thus, an injunction would not be in the public's best interest.

III.    Conclusion

Accordingly,

**IT IS ORDERED** that the motion for a temporary injunction, R. 34, is **DENIED**.

**IT IS FURTHER ORDERED** that the motion for oral argument, R. 36, is **DENIED**.

**IT IS FURTHER ORDERED** that this order is to be docketed in both this case, Lexington Civil Action 09-362, and in the lead action, Lexington Civil Action 08-459.

Signed on  August 30, 2010



JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY