**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

**CIVIL ACTION NO. 08-459-JBC
(Related action: Lexington Civil Action No. 09-362)**

**GMAC MORTGAGE, LLC,**                                                     **PLAINTIFF,**

**V.**                  **MEMORANDUM OPINION AND ORDER**

**HEATHER BOONE MCKEEVER, ET AL.,**                         **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the motions for reconsideration by one of the defendants/third-party plaintiffs, Heather McKeever. Lexington Civil Action 08-459, R. 79, 80. For the reasons below, R. 80 will be **DENIED** and R. 79 will be **GRANTED IN PART** and **DENIED IN PART**.

**I.    Background**

This case is one of two remaining consolidated actions involving property located at 3250 Delong Road in Lexington, Kentucky.[1] Deutsche Bank brought this foreclosure action against Heather McKeever and Shane Haffey, a married couple, on November 9, 2009. McKeever filed a counter-claim and third-party complaint on February 9, 2010, naming Deutsche Bank; GMAC Mortgage, LLC; Residential Accredit Loans, Inc.("RALI"); Residential Funding Company, LLC ("RFC"); the Bank of the Bluegrass and several of its employees individually ("BoB"); and Mortgage

---

[1]*See* Lexington Civil Actions No. 08-459. Three other consolidated actions, 08-456, 09-255, and 08-510 have been dismissed.

Electronic Registration Systems, Inc., and MERSCORP (collectively referred to as "MERS.").

The instant third-party defendants, Deutsche, GMAC, RALI, and RFC, moved to dismiss the counter-claim/third-party complaint on March 1, 2010. The response to that motion was due on March 25, 2010. On May 11, 2010, well beyond the deadline for responding, McKeever moved for an extension of time to respond to the motion to dismiss filed by the instant third-party defendants and to respond to the motion to dismiss filed by BoB on May 4, 2010. This court denied that motion with respect to the motion to dismiss by the instant third-party defendants, but extended McKeever's deadline to respond to the motion to dismiss by Bank of the Bluegrass. This court ultimately granted the motion to dismiss by the instant third-party defendants on June 22, 2010.

## II. Analysis

### A. Motion for an extension of time

McKeever has moved for reconsideration of the court's denial of her motion for an extension of time pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure. McKeever has not shown that reconsideration is warranted under Rule 59, which permits a court to grant such a motion only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Because McKeever does not relate any of these circumstances to the relief she requests, she fails to show that reconsideration is

warranted pursuant to Rule 59.

McKeever also fails to show that reconsideration is warranted pursuant to Rule 60, which provides for relief from an order for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Although McKeever does not identify which provision of Rule 60 she believes is relevant to her motion, she argues that the court should consider whether her late pleadings were due to excusable neglect.[2] *See* R. 80 at 3.

In determining whether a party should be granted relief due to excusable neglect, a court should consider: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay; (4) whether the delay was within the reasonable control of the moving party; and (5) whether the late-filing party acted in good faith. *See Pioneer Inv. Servs. v. Brunswick Assocs.,* 507 U.S. 380, 392-93 (1993); *Burnley v. Bosch Ams. Corp.,*No. 02-5953, 2003 U.S. App. LEXIS 18051, at *10 (6th Cir. Aug. 27, 2003).

Although the court is without sufficient information to conclude that the delay was due to bad faith, the rest of these considerations weigh against a finding of excusable neglect. With respect to prejudice to the non-moving party, allowing

---

[2] McKeever's allegations do not appear to fall under 60(b)(2)-(5) and a party may not move for relief due to excusable neglect and the provisions of Rule 60(b)(6). *See Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 393 (1993) (explaining that excusable neglect pursuant to Rule 60(b)(1) and the "any other reason justif[ying] relief" provision in 60(b)(6) are "mutually exclusive").

further briefing at this time would require the third-party defendants to expend additional resources litigating claims that have already been dismissed on the merits, despite McKeever's failure to respond in a timely manner or to show that her failure was attributable to excusable neglect when she originally moved for an extension of time.

Moreover, the reason for the delay and the extent to which it was within McKeever's control do not indicate that she is entitled to relief due to excusable neglect. *See Morgan v. Gandalf, Ltd.* No. 05-3189, 2006 U.S. App. LEXIS 2688, at *12 (6th Cir. Jan. 31, 2006) (stating that the reason-for-delay factor "has the greatest import and is always critical to the inquiry") (citation omitted). McKeever asserts that she did not respond to the motion to dismiss because she had filed a motion for a temporary injunction to enjoin the court from moving forward with the underlying case. Specifically, she states that "[b]ut for the March 15, 2010, pending motion for a temporary injunction, McKeever would have responded to the 12(b) motion." Lexington Civil Action 08-459, R. 80 at 2. Although she asserts that "this is not a case of a party simply ignoring a deadline," it appears that McKeever felt entitled to do just that because she had filed a motion for an injunction.

In contrast, "[n]eglect exists where the failure to do something occurred because of a simple, faultless omission to act, or because of a party's carelessness." *Turner v. City of Taylor*, 412 F.3d 629, 650 (6th Cir. 2005). McKeever's allegations do not suggest that the delay was a product of neglect.

Rather, responding was within her reasonable control and she simply chose not to do so. McKeever therefore fails to show that she is entitled to relief from the order based on excusable neglect. *See, e.g., Clark v. H.R. Textron, Inc.,* No. 94-55212, 1995 U.S. App. LEXIS 27034, at *5 (9th Cir. 1995) (holding that where an attorney was aware of a filing deadline and chose not to file a motion for an extension of time, "[s]uch deliberate inaction cannot, by definition, be neglectful"); *Cook v. Winfrey*, No. 97-c-322, 1997 U.S. Dist. LEXIS 12758, (N.D. Ill. Aug. 22, 1997) ("excusable neglect does not include willful, careless, or negligent actions of attorneys").

>B. **Dismissal of her claims against third-party defendants Deutsche Bank, GMAC, RALI, and RFC**

McKeever has also moved the court to reconsider its dismissal of her counter-claims against the instant third-party defendants. Lexington Civil Action 08-459, R. 79. Instead of raising substantive issues related to the order, McKeever largely repeats her arguments regarding the court's denial of her motion for an extension of time, and again has not identified any provision of either Rule 59 or Rule 60 that would warrant reconsideration. She also argues that she has been unduly prejudiced and asserts that the third-party defendants lack standing to bring the foreclosure action or the declaratory judgment action. Deutsche Bank is now the plaintiff in both actions, and McKeever does not explain in her motion why she believes that Deutsche lacks standing. Moreover, even if that were true, it is not relevant to the pleading deficiencies in her counter-claims.

Although McKeever has not identified anything that would warrant

reconsideration of the court's dismissal of her claims against the instant third-party defendants, having reviewed the record, the court acknowledges it erred in holding that McKeever's claims against GMAC and Deutsche Bank were barred by res judicata.

In order for res judicata to apply, there must be a final judgment on the merits. *See Waste Mngt. Of Ohio, Inc. v. City of Dayton*, No. 04-236, 2006 U.S. App. LEXIS 6123, at *21 (6th Cir. Mar. 13, 2006); *City of Parma, Ohio v. Hirsch Levi*, 536 F.2d 133, 134 (6th Cir. 1976). Although GMAC had been dismissed from Lexington Civil Action 08-510, the case was ongoing and judgment had not been entered. Accordingly, the doctrine of res judicata did not apply.

Although this court provided alternative grounds for dismissal, it did not do so with respect to McKeever's RESPA claim against GMAC for failing to respond to a qualified written request. Even though a judgment has since been issued in Lexington Civil Action 08-510, further briefing is necessary to determine whether law of the case should apply in lieu of res judicata. *See Bay State HMO Mgmt., Inc. v. Tingley Sys., Inc.*, 181 F.3d 174, 181-83 (1st Cir. 1999) (holding that consolidated cases are considered a single lawsuit for res judicata purposes and that therefore the doctrine does not apply to judgments between consolidated actions); *In re Aetna Cas. & Surety Co.,* 919 F.2d 1136, 1143 (6th Cir. 1990) (noting in dicta that a decision on the merits of an issue in consolidated cases "could or might constitute law of the case in all of them, or involve collateral estoppel, or be highly persuasive as precedent").

The distinction between claim preclusion and law of the case is significant. After a final judgment on the merits has been issued by a court of competent jurisdiction, claim preclusion bars subsequent litigation between the same parties and those in privity with them involving the same cause of action. *See Waste Mngt.*, 2006 U.S. App. LEXIS 6123 at *21. Claim preclusion thus extends to those matters that were actually litigated as well as those that might have been offered in the prior action. *Id.*

In contrast, the law-of-the-case doctrine has a narrower application and is limited to those issues previously decided by the same court or a higher court. *See Insur. Co. of Am. v. Dynamic Construction Co.*, No. 95-2013, 1997 U.S. App. LEXIS 755, *9 (6th Cir. Jan. 14, 1997). Although law-of-the-case doctrine "is rigidly applied to enforce a lower court's obedience to a higher court, the doctrine is more flexibly applied to reconsideration of earlier decisions by the same court or a coordinate court." *United States v. Dunbar*, 357 F.3d 582, 592 (6th Cir. 2004). The doctrine is considered "a management practice to permit logical progression toward judgment," and does not remove a district court's jurisdiction to reconsider an issue previously decided in the case. *Id.* at 593.

Thus, the court will reinstate the motion to dismiss with respect to the allegation that GMAC failed to respond to a qualified written request and will allow further briefing on the issue of whether this claim is barred by claim preclusion, law-of-the-case doctrine, or otherwise fails to state a claim upon which relief can be granted.

**III.  Conclusion**

Accordingly,

**IT IS ORDERED** that the motion for reconsideration, R. 80, is **DENIED.**

**IT IS FURTHER ORDERED** that the motion for reconsideration, R. 79, is **GRANTED IN PART**.  The court will reinstate the motion to dismiss McKeever's claim against GMAC for failing to respond to a qualified written request. (R. 33). All claims against Deutsche Bank, RALI, and RFC remain dismissed.

**IT IS FURTHER ORDERED** that the court will allow further briefing on the remaining claim against GMAC.  McKeever shall file a response to the motion to dismiss that claim (R. 33) no later than October 4, 2010, and the instant third-party defendants may file a reply no later than October 18, 2010.

Signed on  September 13, 2010

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY