**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**CIVIL ACTION NO. 08-459-JBC**

**GMAC MORTGAGE, LLC,**                                                    **PLAINTIFF,**

**V.**                              **MEMORANDUM OPINION AND ORDER**

**HEATHER BOONE MCKEEVER, ET AL.,**                                    **DEFENDANTS.**

**\* \* \* \* \* \* \* \* \* \***

This matter is before the court on the motion of third-party defendants GMAC

and Deutsche Bank in an action styled *Deutsche Bank Trust Company Americas v.*

*Haffey, et. al.*, Lexington Civil Action 09-362, which is part of this consolidated action.

GMAC moves to dismiss the counter-claim and third-party complaint (R. 33). For the

reasons below, the court will grant the motion to dismiss.

**I.     Background**

This case is the remaining consolidated action involving property located at 3250

Delong Road in Lexington, Kentucky.[1]  Deutsche Bank brought this foreclosure action

against Heather McKeever and Shane Haffey, a married couple, on November 9, 2009.

McKeever filed a counter-claim and third-party complaint on February 9, 2010, naming

Deutsche Bank; GMAC Mortgage, LLC; Residential Accredit Loans, Inc.("RALI");

Residential Funding Company, LLC ("RFC"); the Bank of the Bluegrass and several of

---

[1]*See* Lexington Civil Actions No. 08-459.  Three other consolidated actions, 08-456, 09-225, and 08-510, have been dismissed.

1

its employees individually ("BoB"); and Mortgage Electronic Registration Systems, Inc., and MERSCORP (collectively referred to as "MERS").

This court granted the motion to dismiss by the instant third-party defendants on June 22, 2010. R. 70. On July 16, 2010, McKeever filed a motion to reconsider. R. 78. This court determined that it had erred in holding that McKeever's claims against GMAC and Deutsche Bank were barred by res judicata. R. 90. This court ordered further briefing on the remaining claim against GMAC. R. 33.

## II.    Analysis

This court reinstated the third-party defendant's motion to dismiss to determine "whether this claim is barred by claim preclusion, law-of-the-case doctrine, or otherwise fails to state a claim upon which relief can be granted." R. 90.

### A.    Claim Preclusion

GMAC's motion to dismiss cannot be granted based on the claim preclusion doctrine. Claim preclusion, or *res judicata*, "forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)). Claim preclusion requires there to be a final judgment on the merits. *See Taylor* 553 U.S. at 892. As noted in the previous order, consolidated cases are considered a single lawsuit for res judicata purposes. *See Bay State HMO Mgmt., Inc. v. Tingley Sys., Inc.*, 181 F.3d 74, 181-183 (1st Cir. 1999). Since the final judgment relied upon is a part of the same consolidated action, claim preclusion is inapplicable.

## B.    Law-of-the-Case Doctrine

The court is bound by law-of-the-case doctrine with regard to this motion because it raises the same issues which have been previously decided by the court in the instant case. Law-of-the-case doctrine is narrower than claim preclusion and is generally limited to those issues which have been previously decided by the same or a higher court. *See Ins. Co. of America. v. Dynamic Constr. Co.*, 106 F.3d 400 (6th Cir. 1997). "The law of the case doctrine provides that 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case.'" *Westside Mothers*, 454 F.3d at 538 (quoting *Scott v. Churchill*, 377 F.3d 565, 569-570 (6th Cir. 2004)) (internal citation removed). Since the instant case was consolidated, earlier decisions in other consolidated cases are part of the "same" case. *In re Aetna Cas. & Surety Co.*, 919 F.2d 1136, 1143 (6th Cir.1990) (noting in dicta that a decision on the merits of an issue in consolidated cases "could or might constitute law of the case in all of them, or involve collateral estoppel, or be highly persuasive as precedent"). Therefore, the decision to grant GMAC's motion to dismiss in a consolidated case as a matter of law would govern the same issues in this case. *Haffey, et al. v. MERS, Inc., et al.*, No. 5:08-CV-510 (E.D.Ky. Sept. 4, 2009).

McKeever has not shown that her claim against GMAC for failing to respond to a qualified written request falls under the three "exceptional circumstances" which would prevent preclusion of reconsideration under law-of-the-case doctrine. *Westside Mothers v. Olszewski*, 454 F.3d 532, 538 (6th Cir. 2006) (quoting *Hannover Ins. Co. v. Am. Eng'g Co.*, 105 F.3d 306, 312 (6th Cir. 1997)). McKeever's complaint, upon which

the court granted GMAC's motion to dismiss, stated that GMAC "failed to disclose and reveal the real parties in interest. . . ." Lexington Civil Action 08-510, R. 1-4 at 14. The court concluded that McKeever failed to state a claim for relief that is plausible on its face. McKeever's assertion in the subsequent counter-claim states that she sent a qualified written request pursuant to the Real Estate Settlement and Procedure Act. Lexington Civil Action 09-362, R. 17 at 33. However, this new information is neither substantially different evidence, a subsequent contrary view of the law, nor a showing that the previous order was clearly erroneous and would work a manifest injustice. *Westside Mothers*, 454 F.3d at 538.

## III. Conclusion

Accordingly,

**IT IS ORDERED** that GMAC's motion to dismiss (R. 33) is **GRANTED**.

**IT IS FURTHER ORDERED** that the joint motion to extend time to file a joint discovery plan (R. 96) is **DENIED AS MOOT**.

Signed on  November 8, 2010

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY