UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

**CIVIL ACTION NO. 08-459-JBC**

**GMAC MORTGAGE, LLC,**                                                       **PLAINTIFF,**

**V.**                 **MEMORANDUM OPINION AND ORDER**

**HEATHER BOONE MCKEEVER, ET AL.,**                     **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

The matter before the court is plaintiff GMAC Mortgage, LLC's motion for costs. R. 40. For the reasons below, the court will grant the motion.

In related case 5:08-cv-00456, Heather McKeever and Shane Haffey, both pro se plaintiffs, filed a motion for injunctive relief and sanctions against GMAC and its counsel. R. 33, 5:08-cv-00456.Throughout their motion, McKeever and Haffey make accusations against both GMAC and its counsel. Such statements include:

- "The acts of GMAC Mortgage and their law firm are egregious." R. 33-2 at 6, 5:08-CV-456.
- "In addition to acts contained in this Motion, GMAC and Dinsmore & Shohl have shown a continued course of behavior and action which is disreputable and dishonest." *Id.* at 7
- "[T]he Court will send a message to GMAC and their attorneys that they must be responsible for their intentional, grossly negligent and fraudulent actions . . . ." *Id.*
- "Dinsmore & Shohl is the only party to financially benefit from the action, thus far, and it will continue to do so as the cases progress." *Id.*
- "[B]oth GMAC Mortgage and its Counsel of Record, Dinsmore & Shohl be sanctioned . . . for their roles in the attempted fraudulent Foreclosure, and for their flagrant and deliberate disregard for this Court, the pending matters before the Court, and the public at large." *Id.* at 8.

1

The only support filed with the motion is a chain of email correspondence between McKeever and David Fornshell, attorney for GMAC, which does not support the accusations of wrongdoing. This court denied the motion for sanctions for failure to follow the procedural requirements of Fed. R. Civ. P. 11(c)(2) and for not stating a basis "to support the contention that GMAC or its counsel acted improperly with respect to the potential filing of the foreclosure action." R. 50, 5:08-cv-00456. GMAC filed a motion for costs and expenses under Fed. R. Civ. P. 11 incurred in defending against the motion for sanctions.

The imposition of costs is reasonable under Rule 11 because McKeever and Haffey[1] failed to offer any factual information that would support their motion for sanctions. Fed.R.Civ.P. 11(b), *Jackson v. Law Firm of O'Hara, Ruberg, Osborne and Taylor*, 875 F.2d 1224 (6th Cir. 1989). Both their motion for sanctions and their response to GMAC's motion for costs contain allegations of conspiracies and schemes rather than specific issues or points of law. McKeever and Haffey's conduct in filing and maintaining a motion for sanctions based on unsupported allegations of wrongdoing was not "reasonable under the circumstances." *Mann v. G & G Mfg., Inc.*, 900 F.2d 953, 958 (6th Cir.1990). Even if they had a good faith belief in the merits of their motion, McKeever and Haffey admit there is an

---

[1] Pro se plaintiffs are not exempt from Rule 11 sanctions. *Graham v. Liberty Mut. Ins. Co.*, No. 1:08-CV-299, 2009 WL 1034942, *4 (E.D.Tenn.2009), citing, *Bus. Guides, Inc. v. Chromatic Communs. Enters.*, 498 U.S. 533, 564, 111 S.Ct. 922, 112 L.Ed.2d 1140 (1991). As both McKeever and Haffey had participated in this litigation for almost a year before the motion was filed and McKeever is an attorney, they are sophisticated enough to be on notice of Rule 11 sanctions.

"extremely limited amount of factual evidence before the Court" to support their motion. R. 43 at 2, 5:08-cv-00456. While McKeever and Haffey ask this court to leave the matter open for further consideration after the court examines the "totality of the circumstances and the final outcome of the matters before the jury," they do not assert what, if any, further discovery would support their claims against GMAC and its counsel. *Id.* They also fail to provide any justification for their sanctions motion in their response to GMAC's motion for costs.

Additionally, sanctions against McKeever and Haffey are reasonable under Rule 11 because it is clear from the record that they filed their motion for sanctions for the unreasonable purpose of harassment. Fed.R.Civ.P. 11(b), *Jackson v. Law Firm of O'Hara, Ruberg, Osborne and Taylor*, 875 F.2d 1224, 1231 (6th Cir. 1989). In addition to the unsupported motion for sanctions, McKeever and Haffey have filed numerous claims against GMAC, which this court has dismissed for reasons such as failure to state a claim and law-of-the-case doctrine. *See* R. 70, 97, 107 in 5:08-CV-459. While bringing claims which have been dismissed is not sufficient to grant a motion for sanctions, it is evidence of an intent to harass GMAC and its counsel. McKeever has also sent a letter to GMAC and its counsel threatening to bring in a former congressman as an expert witness and stating Rolling Stone magazine would cover any trial between the parties. R. 113, 5:08-CV-459. These actions combined show that McKeever and Haffey were attempting to harass GMAC.

3

Accordingly,

**IT IS ORDERED** that the motion for costs (R. 40) is **GRANTED**.

**IT IS FURTHER ORDERED** that GMAC shall submit to the court within 15 days of the entry of this order an itemized statement of the costs which they propose to recover. Within 15 days thereafter, McKeever and Haffey may file any objections to that statement of costs. Within 10 days after the filing of such objections, GMAC may file its reply.

Signed on August 25, 2011

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY