**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

**CIVIL ACTION NO. 08-459-JBC**

**GMAC MORTGAGE, LLC,**                                                   **PLAINTIFF,**

**V.**                 **MEMORANDUM ORDER & OPINION**

**HEATHER BOONE MCKEEVER, ET AL.,**                     **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on Shane Haffey's motion to remand (R.119). For the reasons below, the motion will be denied.

This case involves an action to quiet title that was brought in state court against four defendants: Gentry Mechanical Systems Inc., State Farm Banks, F.S.B., Deutsche Bank Trust Company Americas, as Trustee ("Deutsche Bank"), and Patricia Kelleher. Deutsche Bank removed the matter to this court under 28 U.S.C §1441, asserting diversity of parties. Haffey challenges removal based upon the following arguments pertinent to this order: that the parties are not in complete diversity, that no other defendants joined Deutsche Bank in the notice of removal, and that a motion for default judgment was pending in state court at the time of removal. None of these arguments is successful.

First, the parties are in complete diversity to Haffey, *see* 28 U.S.C. §1441, a resident of Kentucky, because the doctrine of fraudulent joinder applies. Under

1

that doctrine, the residencies of only Kelleher, Deutsche Bank, and State Farm are considered for diversity purposes. Kelleher is a resident of Iowa. Even though Haffey later contests Kelleher's residency, both the complaint and notice of removal list Kelleher's residency as Iowa. Deutsche Bank is a resident of New York, as its principal place of business is New York, New York. Despite Haffey's argument that the State Farm agent who sold the loan in dispute was a Kentucky agent, Haffey lists State Farm Bank, F.S.B. as the defendant in this case, and State Farm resides in Illinois.

The non-diverse party in this action, Gentry, is not considered in the diversity analysis because Haffey asserts only a brief allegation against Gentry and states no legal basis for the claim. No colorable basis exists for predicting that Haffey could recover against Gentry, *see Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907. Haffey failed to provide in his pleading a statement showing that he is entitled to relief from Gentry, *see* Ky. R. Civ. P. 8.01, Fed. R. Civ. P. 8(a)(2). Therefore, while all ambiguities and disputes of state law should be resolved in favor of the plaintiff, *see Alexander v. Electronic Data Systems Corp.,* 13 F.3d 940, 948-49 (6th Cir. 1994), Deutsche Bank has met its burden of establishing fraudulent joinder of a non-diverse party, *see id.* Consequently, Gentry is not considered in the diversity analysis, and the other parties to this action stand in complete diversity, satisfying the removal requirements under 28 U.S.C. §1441.

Second, Deutsche Bank's notice of removal remains effective under the judicial rule of unanimity. Only Deutsche Bank had been served at the time it filed its notice of removal on June 3, 2011. Because no other defendant listed in this action was served by June 3, 2011, no consent of any other defendant was required at the time of filing. *City of Cleveland v. Ameriquest Mortg. Sec., Inc.*, 615 F.3d 496, 501 (6th Cir., 2010). The rule of unanimity was not violated by Deutsche Bank, and therefore, the notice of removal to this court was procedurally valid.

Last, 28 U.S.C. §1447 (c) renders void Haffey's argument that a motion for default judgment pending in state court invalidated Deutsche Bank's notice of removal because Haffey's motion for remand was filed more than 30 days after the filing of Deutsche Bank's notice of removal. Only motions to remand for lack of subject matter jurisdiction may be considered after the 30-day period, *see* 28 U.S.C. §1447 (c), and this argument does not relate to the court's subject matter jurisdiction over this action. Even considering the argument, the court finds no legal basis to render a removal ineffective based upon a pending, unresolved motion in state court at the time a notice of removal was filed. Accordingly,

**IT IS ORDERED** that Haffey's motion to remand (R.119) is **DENIED**.

Signed on November 16, 2011


JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY