**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**


**CIVIL ACTION NO. 08-459-JBC**

**GMAC MORTGAGE, LLC,**                                                          **PLAINTIFF,**

**V.**                                **MEMORANDUM OPINION & ORDER**

**HEATHER BOONE MCKEEVER, ET AL.,**                                  **DEFENDANTS.**

* * * * * * * * * * *

This matter is before the court on defendants Heather McKeever and Shane Haffey's motion for extension of time to respond and to take discovery, R. 116. For the following reasons, the motion will be granted in part and denied in part.

### I. Background

This case is the lead case in consolidated actions involving property located at 3250 Delong Road in Lexington, Kentucky.  Deutsche Bank brought this foreclosure action against McKeever and Haffey, a married couple, on November 9, 2009. Lexington Civil Action 09-362, R. 1.  Deutsche Bank has moved for summary judgment, R. 114, as to all remaining claims against it in Lexington Civil Actions 09-362 and 08-459.

The defendants have moved for an extension of time by which to respond to Deutsche Bank's motion for summary judgment as well as time to take discovery. Deutsche Bank objects to this motion, arguing that no further discovery is

necessary to adjudicate the issues presented in its motion for summary judgment. The court finds this argument compelling and declines to re-instate a discovery period.

## II. Analysis

The defendants' motion for an extension of time to take discovery will be denied because the current record is sufficient to resolve the issues presented in Deutsche Bank's motion for summary judgment.  The defendants raise no arguments in their motion that would require further discovery in order to be presented in a response to Deutsche Bank's motion.  Also, many of the issues raised in the defendants' motion for discovery are issues that have already been examined by this court and are therefore barred from any additional adjudication by the law-of-the-case doctrine.

The defendants seek a reinstatement of discovery in order to explore nine issues.  None of these issues warrants additional discovery.  The first two issues presented by the defendants involve the identity and capacity of Deutsche Bank as a party to this action.  The defendants claim that Deutsche Bank is not the proper plaintiff in this action and, alternatively, that Deutsche Bank has not properly pled its capacity.  Neither of these issues needs further exploration because this court has already found that Deutsche Bank is the proper plaintiff in this action, R.60 (order substituting Deutsche Bank as plaintiff in this action) & R. 70 (order stating that GMAC – the party whom Deutsche Bank replaced as plaintiff – and Deutsche

Bank are in privity), and Deutsche Bank has already pled its capacity as a New York corporation in a consolidated action, Lexington Civil Action 09-362, R. 1.

The third issue raised by the defendants involves whether Deutsche Bank is the holder of the note and mortgage in dispute in this action. The defendants seek additional discovery to bolster their argument that Deutsche Bank is the holder of neither the note nor the mortgage. But this court has previously held the contrary. Documents placed on the record have led this court to assert in prior orders that Deutsche Bank is the current holder of the note in dispute, R. 38, as well as the assignee of the mortgage, R. 69.

Fourth, the defendants opine that additional discovery is appropriate because Deutsche Bank has ignored a RESPA Qualified Written Request for information. They claim that because Deutsche Bank has violated the request, discovery should be permitted as to information requested in that document. This court has previously dismissed claims by the defendants against Deutsche Bank and GMAC for failing to respond to written requests, R. 97. The defendants have not provided any new information to persuade the court to reach a different conclusion; therefore, the QWR issue does not justify an extension of discovery.

The fifth issue presented by the defendants involves an allegation of fraud in GMAC's foreclosure practices. The defendants argue that additional affidavits of securitization, tax, and fraud experts are needed to showcase that the RALI 2007 QS10 Trust is not owned by GMAC. The defendants have previously pled claims

of fraud against GMAC and Deutsche Bank, which this court dismissed for failure to meet the pleading requirements of Fed. R. Civ. P. 9(b). Because the defendants have already explored this issue and have had adequate time to procure discovery documents, a reinstatement of discovery for this purpose would not be justified.

Defendants' sixth, seventh, and ninth issues have already been presented to and decided by this court in prior orders. The defendants seek new discovery to show that the May 14, 2007, TILA Notice of Right to Cancel is a fraud, that Deutsche Bank was not a holder of the note or mortgage when the loan was rescinded, and that TILA provisions make the security instrument in this action void. This court has previously dismissed the defendants' claims for rescission under TILA, R.70 & R. 90, and the argument that the Notice of Right to Cancel is fraudulent may be made without further discovery. The defendants have not shown that additional discovery would persuade the court to re-examine the rescission issue or that additional discovery would bolster their Notice of Right to Cancel argument.

The defendants' eighth issue involves whether the loan in dispute in this action was a re-financing by the Bank of the Bluegrass or a new loan funded by an unknown source. The defendants assert in their motion that the loan was a new loan executed by an unknown source, and they seek to ascertain the identity of this unknown source through additional discovery; however, McKeever previously averred in her February 8, 2010, verified answer and counterclaim to consolidated

action 09-362 that the mortgage with Bank of the Bluegrass was signed as a re-financing transaction, Lexington Civil Action 09-362, R.17, p.4.  The defendants have had ample time to explore the nature of the mortgage transaction; therefore, this issue does not warrant additional discovery.

### III. Conclusion

Each of the issues presented by the defendants as reasons for re-instating a discovery period has either been previously decided by this court and thus barred from re-examination by the law-of-the-case doctrine or the defendants have had an adequate amount of time throughout the course of this litigation to explore the issues.  For reasons of judicial economy and expediency that would be compromised by permitting a re-instatement of discovery in this matter, the request for an extension of time to take discovery will be denied.  Accordingly,

**IT IS ORDERED** that the defendants' motion for an extension of time to respond and take discovery, R. 116, is **DENIED** in part and **GRANTED** in part.  The defendants' request to take new discovery will be **DENIED**, but the defendant's request for an extension of time to respond to Deutsche Bank's motion for summary judgment will be **GRANTED**.  The defendants will have 14 days from the entry of this order in which to file a response to Deutsche Bank's motion for summary judgment, R. 114.

Signed on December 2, 2011



JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY