UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

LEAD CIVIL ACTION NO. 08-459-JBC
CONSOLIDATED CIVIL ACTION NO. 08-456

GMAC MORTGAGE, LLC,                                                          PLAINTIFF,

V.                    **MEMORANDUM OPINION & ORDER**

HEATHER BOONE MCKEEVER, ET AL.,                                          DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on defendant Heather McKeever's motion for reconsideration and motion to vacate, R. 134.  For the following reasons, the motion will be denied.

This motion stems from the court's grant of both a motion for costs and a subsequent proposed itemized statement of costs brought by GMAC against defendants Shane Haffey and Heather McKeever.  *See* R.115 & R.128.  The court awarded GMAC an amount of $3,321.90 for its costs and expenses related to a motion for sanctions brought by Haffey and McKeever against GMAC in the consolidated action, styled as *Heather McKeever, et al. v. Mortg. Elec. Registration Sys., Inc., et al.*, Lexington Civil Action No. 08-456.  The court found that "[t]he imposition of costs is reasonable under Rule 11 because McKeever and Haffey failed to offer any factual information that would support their motion for sanctions," and "it is clear from the record that they filed their motion for sanctions for the unreasonable purpose of harassment." R.115, p.2-3.

1

Here, McKeever asks the court to reconsider its order approving GMAC's proposed itemized statement of costs and to vacate its order granting GMAC's motion for costs. In the Sixth Circuit, a motion to reconsider and vacate is treated like a Fed. R. Civ. P. 59 (e) motion to alter or amend a judgment, *see Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir. 1979); therefore, McKeever's motion may be granted only (1) "if there is a clear error of law," (2) if there is "newly discovered evidence," (3) if there is "an intervening change in controlling law," or (4) "to prevent manifest injustice." *Gencorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). McKeever's motion fails to provide any of these justifications to either vacate the order for costs or reconsider the itemized statement of costs, so it will be denied.

I. Order for Costs

McKeever does not provide grounds upon which the court may vacate its order for costs, R.115. She mentions no error of law, newly discovered evidence, intervening change of law, or injustice pertaining to the order. Rather, she highlights one reference by the court in its order for costs and attempts to undermine the validity of the court's reasoning. McKeever states that the court, in deciding to grant GMAC's motion for costs, referenced a decision from August 5, 2011, (R.113) which forbids McKeever from direct communication with GMAC. McKeever seems to imply that the court granted GMAC's motion for costs at least partly because it found that the defendants had violated the order of August 5, 2011. McKeever then attempts to discredit the court's reliance on that order. She

2

argues that GMAC's motion for an order instructing McKeever not to contact represented parties, R.108, was based upon a letter sent to the FDIC by McKeever and carbon copied to GMAC's CEO and in-house counsel. She also states that the defendants have never contacted a representative from GMAC directly and that, on the contrary, GMAC has initiated "continued unilateral contact" with the defendants in violation of Rule 11.

McKeever's argument in the context of her motion to vacate is without merit.[1] First, any argument contesting the letter attached to GMAC's motion for an order instructing McKeever not to contact represented parties should have been raised in a response to GMAC's motion for an order. McKeever filed no such response. Even if the court found it appropriate to address the validity of the letter because it is referenced in the court's order for costs, McKeever's argument does not justify the court's vacating its order for costs. McKeever does not claim that the information offered about the letter constitutes newly discovered evidence or that the court's reliance on the letter was an error of law. She also does not argue that manifest injustice occurred. Without such a showing, the court finds no grounds to vacate its order.

Second, whether or not the defendants have violated the court's order of August 5, 2011, directing McKeever not to contact represented parties, is immaterial to the court's order for costs. McKeever states that neither of the

---

[1] The court agrees with GMAC in its response to McKeever's motion to vacate that "McKeever fails to even address the bases underlying the Court's decision in its Memorandum Opinion and Order (R.115) for awarding GMAC its costs and expenses for having to defend Defendants' 2009 Rule 11 motion, or why the Court's opinion was in error." R.136, p.3. Nonetheless, the court chooses to analyze each of McKeever's arguments.

3

defendants has contacted a representative of GMAC directly, but this information, even if true, provides no justification for the court to vacate its order; the court does not rely on the August 5, 2011, order, or any violation of such order, as grounds for its order for costs.

The court issued its order for costs because it found that McKeever had filed a motion for sanctions against GMAC without any support for the motion and that evidence of record showed that the motion for sanctions was filed for harassment purposes. In its analysis, the court referenced a letter sent to Jonathan Rose, counsel for GMAC, in which McKeever was "threatening to bring a former congressman as an expert witness and stating Rolling Stone magazine would cover any trial between the parties," R.115, p.3, as evidence of harassment. While the court does cite the August 5, 2011, order, it does not discuss that order as grounds for its order for costs. In fact, the reference to that order (R.113) on page 3 of the order for costs was an incorrect citation because the Rose letter discussed directly prior to the citation is an exhibit to GMAC's motion for an order instructing McKeever not to contact represented parties in R.108, and not part of the court's August 5, 2011, order.

Third, the information regarding GMAC's allegedly unilateral contact with the defendants does not justify the court's vacating its order. The majority of McKeever's motion describes GMAC's allegedly unlawful unilateral contact with the defendants. Again, this information is immaterial to the court's decision on whether an imposition of costs was reasonable due to the defendants' filing of a

4

motion for sanctions against GMAC, which the court had already deemed unsupported.  McKeever lists examples of GMAC's allegedly unilateral conduct with the defendants, but this conduct is not relevant to whether the defendants' motion for sanctions was supported because the conduct described by McKeever occurred after the filing of such motion.

II. Itemized Statement of Costs

McKeever does not demonstrate any of the four justifications for a grant of her motion to reconsider the court's order approving GMAC's itemized statement of costs, R.128. In fact, she does not specifically object to the list of costs or the amount of $3,321.90 awarded to GMAC; rather, she states, "the Defendants object to the issuance of the Order for Sanctions in its entirety, regardless of the dollar amount submitted." R.134, p.1.  Additionally, McKeever never responded with any objections to GMAC's proposed itemized statement of costs before the court entered an order.  Because the court has previously addressed all of McKeever's arguments as they pertain to the order of costs and McKeever has stated no reason that the itemized statement of costs should be scrutinized specifically, the court finds no reason to reconsider its order adopting the itemized statement of costs.

Accordingly,

**IT IS ORDERED** that McKeever's motion for reconsideration and motion to vacate, R. 134, is **DENIED**.

Signed on March 6, 2012

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY