**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

**CIVIL ACTION NO. 08-459-JBC**

**GMAC MORTGAGE, LLC,**                                                   **PLAINTIFF,**

**V.**             **MEMORANDUM OPINION & ORDER**

**HEATHER BOONE MCKEEVER, ET AL.,**                           **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \* \*

This matter is before the court upon the defendants' motion to alter or amend the summary judgment and for relief from judgment, R.137. For the following reasons, the motion will be denied.

I. Background

On January 23, 2012, the court granted summary judgment in favor of Deutsche Bank Trust Company Americas in two consolidated actions, Lexington Civil Actions 08-459 and 09-362. In the latter action, brought by Deutsche Bank against Heather McKeever and Shane Haffey, Deutsche Bank sought to foreclose on property owned jointly by McKeever and Haffey in order to satisfy a secured and defaulted note signed by McKeever. In the former, an action for declaratory relief filed against McKeever and Haffey, Deutsche Bank sought a declaration from the court that the loan rescission alleged by McKeever and Haffey is invalid and thus its note and mortgage remain effective.

The court granted summary judgment in both actions, first finding that foreclosure is appropriate in Lexington Civil Action 09-362 because (1) Deutsche Bank is the holder of the note and assignee of the mortgage; (2) McKeever defaulted on the note; (3) proper notice of default and acceleration was sent to and received by the defendants; (4) the note remains in default; and (5) Duetsche Bank is entitled to foreclose on the McKeever/Haffey property as a matter of law. The court also found that summary judgment is appropriate in Lexington Civil Action 08-459 because no genuine dispute as to any material fact remains as to whether a purported TILA rescission of the loan by the defendants is invalid. The defendants now move to have the order of summary judgment reconsidered under both Fed. R. Civ. P. 59 (e) and 60 (b).

## II. Analysis

Rule 60 (b) permits relief from a final order for the following reasons: "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . ., misrepresentation, or misconduct by the opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . .; or (6) any other reason that justifies relief." Finding that none of the reasons justifying relief are present in this action, the court will deny the defendants' motion for relief under Fed. R. Civ. P. 60 (b).

First, the defendants have not argued mistake, inadvertence, surprise or excusable neglect in the court's order of summary judgment. The defendants dispute the court's decisions to cancel discovery and deny the defendants'

subsequent request to reinstate a discovery period; they argue that the court blocked discovery that was material to their defense in the foreclosure suit. But these arguments are directed at the court's past discovery orders, such as the December 2, 2011, order, R.127, and do not indicate mistake, inadvertence, or excusable neglect by the court in its order granting summary judgment.

Second, the defendants have not shown the existence of "newly discovered evidence that, with reasonable diligence, could not have been discovered . . . ." Fed. R. Civ. P. 60 (b)(2). Along with their motion, the defendants filed documents, which they claim constitute new material evidence relating to the issue of whether the loan in dispute was funded and controlled by GMAC. Nowhere do the defendants argue that this evidence could not have been discovered before the court entered its summary judgment order. "To constitute 'newly discovered evidence,' the evidence must have been previously unavailable." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 617 (6th Cir. 2010) (internal citations omitted).

The defendants also mention a federal reserve, cease-and-desist order against GMAC as well as settlement agreements between GMAC and federal prosecutors, which have occurred since the court entered its summary judgment order. Even if the court construed these references as an argument by the defendants that the cease-and-desist order and settlement agreements are newly discovered evidence, the defendants have not demonstrated how the evidence is material to the summary judgment motion previously ruled upon by the court. *See*

*Wyatt v. Sec. of Health & Human Serv.*, 974 F.2d 680, 685 (6th Cir. 1992). Without a showing that the new evidence would likely change the outcome of the cases, relief under Fed. R. Civ. P. 60(b)(2) is not justified. *Hackworth v. Comm. of Soc. Sec.*, 1995 U.S. App. LEXIS 36077, *3-4, (6th Cir. 1995).

Third, the defendants argue fraud in regard to the assignment of the mortgage, the note transfer, and Deutsche Bank's alleged lack of standing in this suit. These arguments have been previously presented and rejected on the merits. In its summary judgment order, the court relied on the law-of-the-case doctrine in stating that Deutsche Bank is the holder of the note and assignee of the mortgage, R.135, p.2-3 (citing R.69, p.2). The court has also previously determined and reiterated that Deutsche Bank has standing in this action. *See* R.127, p.2-3; R.132; R.135, p.2 (citing R.69, p.2). "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Jinks v. Alliedsignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001). The court has examined the defendants' allegations of fraud on numerous occasions and finds no reason justifying reconsideration of the issues.

Lastly, Fed. R. Civ. P. 60 (b)(4) and (5) do not apply to this matter, and the court finds no reason justifying relief under Fed. R. Civ. P. 60 (b)(6), which should be granted only in "extraordinary circumstances," or "unusual and extreme situations where principles of equity mandate relief." *Blue Diamond Coal Co. v. Trs. Of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (internal citations omitted).

Reconsideration is not appropriate under Rule 59 (e) because no judgment has been entered in either action. Fed. R. Civ. P. 59 (e) & 58 (a). However, the motion for relief under Rule 59 (e) would also fail on its merits. The defendants make no showing of "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2005) (internal citations omitted)(stating that a Rule 59 (e) motion to alter or amend judgment may be granted only if there is a showing of one of those justifications). No clear error of law is argued in regard to the motion for summary judgment; the defendants' discovery disputes pertain to prior orders of the court, not the order at issue that granted summary judgment. Also, the defendants have offered no newly discovered, previously unavailable, evidence for the court's consideration. *See Leisure Caviar, LLC,* 616 F.3d at 617 (6th Cir. 2010). Even though the defendants filed additional documents relating to the 2008 TILA rescission issue of whether the loan in dispute was funded and controlled by GMAC, the defendants make no showing that this "new material evidence" was previously unavailable.

Furthermore, there is no showing that the recent cease-and-desist order and settlement agreements involving GMAC, which the defendants discussed in their motion, constitute controlling law in this action that would justify an alteration or amendment to the court's order. Lastly, no need to prevent manifest injustice is evident from the defendants' briefs or the record.

Accordingly,

5

**IT IS ORDERED** that the defendants' motion to alter or amend the summary judgment and for relief from judgment, R.137, is **DENIED**.

Signed on June 1, 2012

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY