**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**LEAD CIVIL ACTION NO. 08-459-JBC**
**CONSOLIDATED CIVIL ACTION NO. 11-188-JBC**

**GMAC MORTGAGE, LLC,**                                                    **PLAINTIFF,**

**V.**                                **MEMORANDUM OPINION & ORDER**

**HEATHER BOONE MCKEEVER, et al.,**                              **DEFENDANTS.**

**\* \* \* \* \* \* \* \* \* \* \***

Pending before the court is Shane Haffey's motion to vacate orders in relation to the automatic stay, R.47.  Because the relief requested is not available under Fed. R. Civ. P. 59 or 60, the court will deny the motion.

Haffey moves to vacate three orders: an order denying in part and granting in part Shane Haffey's motion for extension of time to file a reply brief to the motion to alter or amend the summary judgment and for relief from judgment and second notice of automatic stay, R. 178; an order denying Haffey's motion to alter or amend the judgment on the pleadings, R. 45; and a judgment entered in favor of Deutsche Bank against Haffey, R. 46.  Haffey argues that the court incorrectly denied recognition of a bankruptcy stay imposed on May 14, 2012, in GMAC's bankruptcy case.  As grounds for the motion, he argues that the Sixth Circuit Court of Appeals has recognized a stay of the pending consolidated cases in this action until further instruction from the Bankruptcy Court and that a motion for

1

clarification or enforcement of the stay is presently pending in the Bankruptcy Court. These arguments are without merit.

Both of the Federal Rules of Civil Procedure justifying reconsideration of an order list specific grounds for such relief. Rule 60 (b) permits relief from a final order for the following reasons: "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . ., misrepresentation, or misconduct by the opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . .; or (6) any other reason that justifies relief." The court reviews a Rule 59 (e) motion to alter or amend a judgment for a showing of "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2005); *see also Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir. 1979). Haffey has made none of these showings.

The Sixth Circuit order referenced by Haffey does not support his argument; rather, it holds the appeal of consolidated cases in abeyance "pending further litigation in the district court," and states that "[t]o the extent that appellants seek to keep this appeal . . . in abeyance pending the bankruptcy proceedings relating to GMAC Mortgage LLC, the motion is denied." R. 182 in Lexington Civil Action 08-459. Also, the motion for clarification or enforcement of the stay in the Bankruptcy Court remains pending without a ruling; therefore, it does not constitute an intervening change in law. Haffey has presented no new evidence,

reasoning, or law that justifies vacating the orders, so the court's position on the bankruptcy's effect, or lack thereof, on this action remains the same.  Accordingly,

**IT IS ORDERED** that Haffey's motion to vacate orders in relation to the automatic stay, R.47, is **DENIED**.


Signed on December 20, 2012

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY